IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| RENO PRESTON ROBERTS, <br> Institutional ID No. 2029343 <br><br> Plaintiff, <br><br> v. <br><br> ANDREA LOZADA, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 5:21-CV-170-BQ <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Reno Preston Roberts's "Motion for Restraining Order." ECF No. 11. Roberts apparently seeks a restraining order against Defendants based on their alleged retaliation. *Id.* Specifically, Roberts contends that Defendants are retaliating "by having [his] food played with and [his] mail . . . tampered with . . . ." Mot. 1, ECF No. 11.[1] After considering Roberts's pleadings and applicable law, the Court recommends that the motion be **DENIED** without prejudice to Roberts's right to request injunctive relief in the future should circumstances change.[2]

## I.     Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the

---

[1] Page citations to Roberts's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] Roberts filed both a form consenting and declining to consent to proceed before a magistrate judge. ECF Nos. 9, 10. Thus, the undersigned is in the process of clarifying whether Roberts wishes to consent. ECF No. 12. As a result, and out of an abundance of caution, the undersigned enters these findings and conclusions in accordance with the order of transfer and 28 U.S.C. § 636(b).

administration of a state jail, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, jail administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a temporary restraining order (TRO), a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and
4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (internal quotation marks and citation omitted) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief").

In addition, the Prison Litigation Reform Act (PLRA) limits a federal court's authority to issue injunctions concerning prison conditions. The "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

## II. Analysis

As an initial matter, the Court observes that Roberts has not met the requirements for obtaining an *ex parte* TRO. Under Fed. R. Civ. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Even accepting as sufficient Roberts's contention that he did not notify Defendants "due to lack of supplies" at the Texas Department of Criminal Justice (TDCJ) Montford Unit, Roberts does not set forth facts demonstrating that he will suffer immediate injury before Defendants can be heard. Roberts's motion is not verified nor does it contain an affidavit. Mot. 1. Roberts's Complaint is verified, but it does not contain allegations concerning the purported retaliation, which are new and distinct claims. *See* Compl. 3, 7–8, ECF No. 1. For this reason alone, his motion should be denied. *See, e.g., Burton v. Vernon State Hosp.*, No. 3:17-CV-1624-G-BH, 2018 WL 1158675, at *2 (N.D. Tex. Feb. 7, 2018) (recommending denial of plaintiff's TRO request where, inter alia, he did not submit "an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition"), *R. & R. adopted by* 2018 WL 1138545 (N.D. Tex. Mar. 1, 2018).

Turning to the substance of Roberts's motion, he has failed to satisfy his burden of producing adequate evidence, through affidavit, verified complaint, or other means, establishing a substantial likelihood of success on the merits and that the injunction serves the public interest. First, the undersigned finds that his new allegations are distinct from his pending claims in this action and would be more properly considered in a separate § 1983 action. In his Complaint, Roberts primarily claims that Defendants violated his constitutional rights by using excessive force and denying him medical treatment for injuries sustained during the incident. Compl. 7–8. He also alleges a supervisory liability claim. *Id.* at 8. Through the instant motion, Roberts contends that Defendants are retaliating against him by tampering with his food and mail.[3] Mot. 1. Roberts does not, however, raise a retaliation claim in his Complaint. Compl. 3, 7–8. Thus, Roberts seeks injunctive relief based on factually and legally distinct claims not contained in his operative pleading.

Moreover, Roberts does not plead any facts showing he exhausted his administrative remedies before filing his request for injunctive relief. To the contrary, Roberts fails to include any dates concerning when he allegedly made records requests to Defendants. Based on Roberts's pleadings, the Court can only conclude that it is unlikely he exhausted TDCJ's two-step grievance process as to this distinct records claim prior to filing his motion. *See* Mot. 1; *Moussazadeh v. Tex. Dep't of Crim. Just.*, 703 F.3d 781, 788 (5th Cir. 2012) (explaining TDCJ's grievance process).

Under the PLRA, a prisoner must exhaust the prison grievance procedure before pursuing relief in federal court. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

---

[3] Roberts does not specify whether the alleged retaliation began after the filing of this lawsuit or in response to any grievances he may have filed. Mot. 1.

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[R]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused." *Muhammad v. Wiles*, 841 F. App'x 681, 685–86 (5th Cir. 2021) (per curiam). Because it appears Roberts has not exhausted his administrative remedies, he cannot meet his burden of showing a substantial likelihood of success on the merits. *See id.*; *Gordon v. Parker*, No. 5:17-CV-00194-RWS, 2018 WL 4204347, at *4 (E.D. Tex. Sept. 4, 2018) ("The Magistrate Judge correctly determined [p]laintiff did not overcome his burden of showing a substantial likelihood of success because he did not exhaust his administrative remedies.").

But even if Roberts has exhausted his remedies, he cannot demonstrate a likelihood of success on the merits. Specifically, Roberts's conclusory allegations concerning purported retaliation are insufficient to demonstrate that he exercised a constitutional right or that Defendants retaliated for the exercise of that right. *See, e.g., Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). As noted, Roberts does not specify the impetus for the alleged retaliation, nor does he include dates and specific facts concerning the acts Defendants took. *See* Mot. 1. Without more, the Court cannot take such extreme action as interfering with Defendants' daily operation of the facility absent sufficient evidence to support his claim that such conduct violates his constitutional rights. *See Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." (internal quotation marks and citation omitted)).

Moreover, the relief Roberts seeks does not serve the public interest but instead impermissibly involves the Court in prison administration and institutional security. Roberts has

5

not pleaded any facts establishing a public interest that would be served by issuing the requested injunctive relief. *Cf. Bell*, 441 U.S. at 547–48, 562; *Wilkerson*, 329 F.3d at 436.

In addition, some of the injunctive relief sought by Roberts targets Defendants' alleged *past* conduct—e.g., retaliation—with no corresponding allegation that such conduct is ongoing or capable of repetition. *See* Mot. 1. Because Roberts has not made a "reasonable showing that he will again be subjected to the alleged illegality," his request for injunctive relief is barred as to these claims. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). The Court notes that "withholding injunctive relief does not mean that the federal law will exercise no deterrent effect in these circumstances. If [Roberts] has suffered an injury barred by the Federal Constitution, he has a remedy for damages under § 1983." *Id.* at 112–13 (internal quotation marks omitted).

Finally, and most significantly, the Court finds that Roberts's demand is inherently nebulous in that does not describe the specific relief he seeks. *See* Mot. 1. As such, Roberts's request fails on two key elements required for providing injunctive relief: First, the PLRA commands that "relief must be narrowly drawn." § 3626(a)(2). Second, the Federal Rules of Civil Procedure require that all TROs state their terms "specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C). "An injunction must simply be framed so that those enjoined will know what conduct the court has prohibited." *Texas v. EEOC*, 933 F.3d 433, 451 (5th Cir. 2019) (internal quotation marks and citation omitted). As such, "injunctions must be narrowly tailored to remedy the specific action which gives rise to the order." *M. D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 272 (5th Cir. 2018) (internal brackets, ellipses, and quotation marks omitted).

Roberts does not specify the relief he seeks through his motion. Mot. 1. Thus, the Court cannot fashion a sufficiently narrow remedy that would allow Defendants to know precisely what conduct has been enjoined. *See Monroe v. Hous. Indep. Sch. Dist.*, 794 F. App'x 381, 385–86 (5th

Cir. 2019) (noting that "the rules governing preliminary injunctions are strict," including the specificity requirements of Federal Rule of Civil Procedure 65); *Scott v. Schedler*, 826 F.3d 207, 213–14 (5th Cir. 2016) (vacating permanent injunction as too vague because it referred generally to policies without identifying which policies were governed by the injunction); *see also Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-L, 2016 WL 3179967, at *4, 5, 11 (N.D. Tex. June 8, 2016) (stating that a basic principle of injunctions is that they should provide "precisely drawn notice of what the injunction actually prohibits," and dissolving agreed temporary restraining orders and injunction after concluding they were not adequately specific to comply with Rule 65(d)(1) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 444 (1974))).

In sum, because Roberts has not satisfied the requirements under Rule 65(b) for obtaining a TRO, the Court finds that Roberts's motion should be denied.

### III. Recommendation

For these reasons, the undersigned recommends that the United States District Court deny Roberts's motion. ECF No. 11.

Once these findings, conclusions, and recommendation (FCR) have been docketed, the Clerk is **DIRECTED** to refer the FCR to the Honorable James Wesley Hendrix, United States District Judge, for final disposition of Roberts's motion.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made,

state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 23, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE