IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RENO PRESTON ROBERTS, Institutional ID No. 2029343 | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-170-BQ |
| ANDREA LOZADA, et al., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION AND ORDER OF TRANSFER**

The Honorable James Wesley Hendrix, United States District Judge, transferred this 42 U.S.C. § 1983 action to the undersigned United States Magistrate Judge (ECF No. 6) and, in accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court determined that the following claims asserted by pro se Plaintiff Reno Preston Roberts survive preliminary screening—those against: (1) Texas Department of Criminal Justice (TDCJ) Officer Saajin McNew for excessive force; and (2) TDCJ Officer Olaniyiolamigo Olugbemi for bystander liability. ECF No. 21. Consequently, the Court entered an order requiring these Defendants to answer or otherwise plead to Roberts's claims. *Id.* at 13–16. Defendants have timely answered. ECF No. 26.

As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendants' Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

I. **Discussion**

The undersigned previously found that Roberts's claims for excessive force and bystander liability survive preliminary screening.[1] See ECF No. 21, at 13–16. The Court briefly addresses each claim below.

A. **Excessive use of force**

To establish a constitutional violation for excessive use of force by a prison official, a plaintiff must show that the defendant unnecessarily and wantonly inflicted pain. See *Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Whether an official's use of force is unnecessary or wanton depends on if the "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320–21). Factors relevant to this determination include, but are not limited to, the following: (1) the extent of the prisoner's injury; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "the threat reasonably perceived by the responsible" officers; and (5) any efforts officers made to temper the severity of a forceful response. *Id.* at 7 (internal quotation marks omitted); *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998).

A detailed summary of Roberts's factual allegations is contained in the Court's prior order. *See* ECF No. 21, at 3–6. Therefore, the Court recites only the facts relevant to Roberts's remaining claims herein. Roberts contends that on May 30, 2021, as officers escorted him to his cell, he "attempted to take a seat on the run in a peaceful protest." Compl. 7, ECF No. 1; Tr. 2:10:45–

---

[1] The Court concluded that Roberts's individual claims against the Doe Defendants and Defendants Maldonado, Gutierrez, Garcia, Green, Sanchez, Reid, Lozada, Reed, Ramirez, Ybarra, Langwell, Peace, and Goad (including those for excessive force, maintenance of an unlawful policy, supervisory liability, and denial of adequate medical care), as well as claims for injunctive relief and those made against Defendants in their official capacities, failed to state a claim for relief and dismissed them through the same order. *See* ECF Nos. 21, 22.

:13:20.² As he started to sit on the ground, Officers Maldonado and Gutierrez—who were escorting Roberts and flanked to his left and right—moved Roberts onto his stomach in an "aggressive way." Tr. 2:10:45–:13:20; Compl. 7. Roberts states that Officer Garcia initiated an incident command system (ICS), calling for additional officers to help regain control of the situation. Tr. 2:10:45–:13:20. Roberts asserts that after he lay face down on the ground with his hands cuffed behind his back, Defendant McNew arrived, and Roberts contends that McNew kicked Roberts in the face seven times. Compl. 7–8; Tr. 2:13:21–:14:32. Roberts denies resisting at any time after the use of force began.³ Tr. 2:14:33–:51, 2:21:50–:23:29.

Roberts maintains that as a result of Defendant McNew kicking him: (1) his right eye was swollen shut between three days and a week; (2) he had a laceration above his left eyebrow that required three sutures; and (3) he suffered a cut on the inside of his mouth, which healed within a few days. Tr. 2:18:24–:20:49.

Accepting Roberts's allegations as true, as the Court must at this stage of the proceedings, his factual assertions state claims sufficient to survive preliminary screening, i.e., an Eighth Amendment excessive force claim against Defendant McNew in his individual capacity. *See, e.g., Preston v. Hicks*, 721 F. App'x 342, 345 (5th Cir. 2018) (per curiam) (holding prisoner stated facts sufficient to survive screening, where prisoner alleged defendant twisted prisoner's arm after prisoner was lying face-down on the ground and was not resisting, which did "not demonstrate that the use of force was merely a good-faith effort to maintain or restore discipline" (internal quotation marks and citation omitted)); *Molina v. Esparza*, No. 2:19-CV-395, 2020 WL 1958854,

---

² Page citations to Roberts's pleadings refer to the electronic page number assigned by the Court's electronic filing system. Citations to the transcript reference the Court's audio recording of the evidentiary hearing held December 9, 2021.

³ TDCJ provided a video of the incident along with the authenticated records. The video, however, provides no aid in screening Roberts's claims as it begins *after* the alleged use of excessive force.

at *3–4 (S.D. Tex. Mar. 11, 2020) (recommending prisoner's excessive force claim survive screening where prisoner alleged that, while handcuffed, defendants slammed him against the wall and to the ground and kicked him while he was on the ground, causing injury to his knee that required surgery), *R. & R. adopted by* 2020 WL 1955252 (S.D. Tex. Apr. 23, 2020); *Moore v. Doe*, No. 2:17–CV–121, 2017 WL 6949741, at *5 (S.D. Tex. Sept. 14, 2017) (finding prisoner's claim that defendant "assaulted him with a closed fist for two minutes while [prisoner] was shackled and strapped to a gurney" survived screening), *R. & R. adopted in part by* 2018 WL 447363 (S.D. Tex. Jan. 17, 2018); *see also Bourne v. Gunnels*, 921 F.3d 484, 492–93 (5th Cir. 2019) (reversing district court's grant of summary judgment in favor of officers, where there was a genuine issue of material fact "whether the force employed after [prisoner] was restrained on his cell floor was used in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (internal quotation marks and citation omitted)).

### B. Bystander liability

Defendant Olugbemi was apparently assigned to observe Roberts because Roberts had been placed under constant direct observation (CDO). Tr. 2:31:21–:35:06. When the purported use of force began, Roberts claims that Defendant Olugbemi was approximately fifteen feet away, but Olugbemi did not stop the officers from allegedly assaulting Roberts. *Id.* Roberts also maintains that Defendant Olugbemi did not report the incident or the officers' conduct thereafter. Tr. 2:50:23–:51:54.

A prison official's failure to intervene in another's use of excessive force against an inmate may violate the Eighth Amendment and subject the official to § 1983 liability. *Rogers v. Buchanan*, No. 3:12-CV-2458-M-BN, 2015 WL 3439145, at *5 (N.D. Tex. Mar. 27, 2015) (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)), *R. & R. adopted with modification by* 2015

WL 3504518 (N.D. Tex. May 28, 2015). To prevail on a bystander liability claim, a plaintiff must establish that an officer: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017) (citation omitted).

The Court accepts Roberts's allegations as true, as it must at this stage of the proceedings, and concludes his factual assertions state a claim sufficient to survive preliminary screening, i.e., a claim for bystander liability under the Eighth Amendment against Defendant Olugbemi. *See, e.g., Canales v. Davis*, No. 1:20-CV-77, 2020 WL 1018231, at *5–6 (E.D. Tex. Aug. 8, 2019) (recommending denial of defendant's motion to dismiss plaintiff's bystander liability claim, where plaintiff alleged that defendant "stood by as [he] was assaulted" and "did not report the assaults," which supported plaintiff's "allegation that defendant . . . knew the other defendants violated plaintiff's constitutional rights, had a reasonable opportunity to prevent the harm, and chose not to act"), *R. & R. adopted by* 2020 WL 977045 (E.D. Tex. Feb. 21, 2020); *Savoy v. Davis*, No. 14–700–JJB, 2015 WL 1809242, at *2 (M.D. La. Apr. 21, 2015) (denying defendant's motion to dismiss on prisoner's bystander liability claim, where prisoner claimed defendant "stood by and watched" as other defendants "beat him without justification"); *Malone v. City of Fort Worth*, No. 4:09–CV–634–Y, 2014 WL 5781001, at *16–17 (N.D. Tex. Nov. 6, 2014) (finding genuine issues of material fact existed as to certain defendants' proximity and duration of their proximity to the use of force thus precluding summary judgment).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Because Defendants have asserted the affirmative defense of qualified immunity, it is the undersigned's **RECOMMENDATION** that the United States District Judge enter a limited scheduling order,

requiring Defendants to file a motion for summary judgment with supporting evidence, for the purpose of making a preliminary determination on qualified immunity. *See* ECF No. 26, at 3–4 (raising several defenses, including qualified immunity). Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:21-CV-170-H.

## II.  Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 3, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE