UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

RENO PRESTON ROBERTS,
Institutional ID No. 02029343

          Plaintiff,

v.

ANDREA LOZADA, *et al.*,

          Defendants.

No. 5:21-CV-00170-H

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that the Court enter a limited scheduling order to resolve the defendants' assertion of qualified immunity as to Plaintiff's remaining claims. (Dkt. No. 28.) No objections were filed. The District Court independently examined the record and reviewed the FCR for plain error.

Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. As a result, the Court enters the following limited scheduling order for the purpose of promptly resolving the qualified-immunity issue.

**1.    Motions on Qualified Immunity**

The two remaining defendants in this case, Saaijin McNew and Olaniyiolamigo Olugbemi, appeared and asserted the affirmative defense of qualified immunity. (Dkt. No. 26 at 3–4.) The Court is mindful of the general rule that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation."

*Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Ordinarily, that comes at the motion-to-dismiss stage. Defendants McNew and Olugbemi did not, however, file a motion to dismiss before filing an answer. Thus, the Court has not yet had an opportunity to rule on the immunity question. *See* Fed. R. Civ. P. 12(b).

As a result, the Court orders Defendants McNew and Olugbemi to file a motion on the issue of qualified immunity—either a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or a motion for summary judgment—**no later than January 20, 2023**.[1] The plaintiff may file a response to the defendants' motion **no later than 30 days** from the date shown on the certificate of service attached to the motion. The motion, any response, and any reply must comply with the requirements of the Local Civil Rules of the Northern District of Texas. Alternatively, if a defendant believes that his assertion of qualified immunity depends on resolution of disputed factual matters, he must file a notice informing the Court that qualified immunity cannot be determined through a dispositive motion and that discovery is necessary.

2.   **Discovery**

Absent an agreement otherwise between the parties, discovery will be stayed pending a ruling on the anticipated motion or further order from the Court. *See Carswell v. Camp*, 37 F.4th 1062, 1066–67 (5th Cir. 2022) (explaining that the court cannot "permit discovery against the immunity-asserting defendants before it rules on their defense" and that a

---

[1] After the issue of qualified immunity is resolved, an additional summary-judgment motion on any or all remaining issues may be filed if need be. *See* LR 56.2(b).

plaintiff "must survive the . . . qualified immunity defense[] *without any* discovery") (emphasis original).[2]

The Court will enter a Rule 16 scheduling order, if necessary, once the qualified-immunity issue is resolved. If a claim survives a motion on immunity grounds, then the parties are entitled to all appropriate discovery—even discovery that does not relate to the qualified immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015).

So ordered.

Dated November 9, 2022.

JAMES WESLEY HENDRIX
United States District Judge

---

[2] The Court notes that if a defendant chooses to file a motion for summary judgment, the plaintiff may request discovery under Rule 56(d), if appropriate. *See Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (explaining that under certain conditions, the court must permit discovery "to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose").